*NOT FOR PUBLICATION*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

| | |
|---|---|
| YANCY SIMMONS, | ) D.C. Civ. APP. NO. 2003/125A |
| | ) |
| Appellant, | ) Sup.Ct.Civ.No. 89/2003 |
| | ) |
| v. | ) |
| | ) |
| HOVENSA, LLC, | ) |
| | ) |
| Appellee. | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: July 10, 2009
Filed: June \, 2010

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **AUDREY L. THOMAS**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Lee J. Rohn, Esq.**
**K. Glenda Cameron, Esq.**
St. Croix, U.S.V.I.
  Attorneys for Appellant/Cross Appellee,

**O'Nika Gilliam, Esq.**
**Richard P. Farrelly, Esq.**
St. Thomas, U.S.V.I.
  Attorneys for Appellee/Cross-Appellant.

| Memorandum Opinion |
|---|

This matter is before the Court on appeal and cross-appeal. The parties challenge a Superior Court order granting the motion of Appellee, HOVENSA, LLC ("Hovensa") to compel arbitration and dismissing Appellant Yancy Simmons' ("Appellant" or "Simmons") personal injury action against Hovensa.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hovensa owns and operates an oil refinery on St. Croix. Wyatt, V.I., Inc. ("Wyatt") is a Hovensa contractor. Simmons applied to work for Wyatt. Wyatt, however, would not consider Simmons' application unless he signed a dispute resolution agreement ("DRA"). The DRA required Virgin Islands applicants to submit "any and all claims, disputes or controversies arising out of or relating to [their] application or candidacy for employment" to binding arbitration. (App. 298.) Simmons signed the DRA.

Subsequently, Wyatt offered Simmons a position. Prior to commencing employment, Wyatt also required all employees hired in the Virgin Islands to sign an employment contract ("contract"). The contract contained a dispute resolution provision ("provision" or "dispute resolution provision") that required

Wyatt and Simmons to arbitrate, inter alia, claims for wages, compensation, wrongful discharge and tort. (App. 32, section V.) The provision also extended to disputes with or claims against Hovensa.[1] (Id.)

Simmons signed the agreement. Wyatt hired him. On July 10, 2002, while employed with Wyatt, Simmons claims that he was operating a forklift at the Hovensa oil refinery. The forklift hit a pothole, overturned and injured his left foot. On February 10, 2003, Simmons filed a complaint in the Superior Court[2] against Hovensa for the injuries he allegedly suffered.

On March 31, 2003, Hovensa answered, then moved to compel arbitration and stay the proceedings pursuant to the employment contract. On July 30, 2003, the trial court granted Hovensa's motion to compel. However, instead of staying the matter pending arbitration, the court dismissed Simmons' action without prejudice. (App. 6.) On August 5, 2003, Simmons filed a timely appeal. On August 28, 2003, Hovensa filed a timely cross-appeal.

---

[1] The parties agreed that arbitration would be governed by the American Arbitration Association's "National Rules for the Resolution of Employment Disputes." (App. 32.)

[2] At the time the trial court considered this matter, it was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the term Superior Court.

The parties raise several issues on appeal. Simmons argues that: 1) the trial court failed to develop a proper record; 2) his personal injury action is outside the substantive scope of the arbitration agreement; 3) the arbitration provision in the employment contract is procedurally and substantively unconscionable; 4) Hovensa is not an intended third-party beneficiary who has a right to compel arbitration; and 5) the agreement violates Virgin Islands statutory law and public policy principles.

In its cross-appeal, Hovensa argues that the Superior Court erred when it dismissed the action rather than imposing a stay pending arbitration.

## II. JURISDICTION AND STANDARD OF REVIEW

### A. Finality

This Court has jurisdiction to review final orders in civil cases arising from the Superior Court of the Virgin Islands. *See* V.I. CODE ANN. tit. 4, § 33 (2002). The requirement of finality, also known as the 'final judgment rule', means that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429-30 (1985)(citations omitted)(quoting *Firestone Tire & Rubber Co. v.*

Risjord, 449 U.S. 368, 374 (1981)(citations omitted)).

The Federal Arbitration Act at 9 U.S.C. §§ 1-16 ("FAA") applies in the Superior Court to arbitration decisions in the Superior Court. *Gov't of the Virgin Islands v. United Indus. Workers*, 987 F. Supp. 439, 440 (D.V.I. App. Div. 1997).[3] Under section 16 of the FAA, whenever a stay is entered pursuant to section 3, which governs stays, the party resisting arbitration is denied the right to an immediate appeal of the trial court's interlocutory order to arbitrate.[4]

In this case, however, no stay issued. Here, the trial court granted Hovensa's motion to compel arbitration and dismissed the action without prejudice.[5] The dismissal order is

---

[3] Under 9 U.S.C. § 16(a)(1)(A) & (B), a party may seek immediate appeal of an order refusing to grant a stay under section 3 of the FAA or an order denying a petition to compel arbitration under section 4. *Lloyd v. Hovensa*, 369 F.3d 263, 270 (3d Cir. 2004). Under 9 U.S.C. § 16(b)(1) & (2), however, an appeal may not be taken (except as provided by 28 U.S.C. § 1292(b)) from an interlocutory order granting a stay under § 3 or compelling arbitration under § 4. *Id.*

[4] By denying immediate appeal, the judicial system's interference with the arbitral process is usually curtailed unless and until there is a final award. *See Lloyd*, 369 F.3d at 270.

[5] It is "well-settled" that an order dismissing a complaint without prejudice is final if the plaintiff has elected to stand on his complaint. *See Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001); *see also Frederico v. Home Depot*, 507 F.3d 188, 192 (3d Cir. 2007) (proceeding with appellate review of a dismissal without prejudice is consistent with the goal of the final judgment rule - to prevent piecemeal litigation); *see also*

thus a final decision pursuant to section 16(a)(3), and we may exercise jurisdiction over it.⁶ See *Pemberton v. Hovensa, LLC*, 2009 U.S. Dist. LEXIS 35021 (D.V.I. App. Div. Apr. 24, 2009)(the Appellate Division of the District Court of the Virgin Islands has jurisdiction over the dismissal of an arbitration matter);

---

*Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990) (dismissal without prejudice is a final judgment because, "if plaintiff cannot or will not bring a second action, there is no risk of multiple litigation").

⁶ (a) An appeal may be taken from--
  (1) an order--
    (A) refusing a stay of any action under section 3 of this title [9 U.S.C. § 3],
    (B) denying a petition under section 4 of this title [9 U.S.C. § 4] to order arbitration to proceed,
    (C) denying an application under section 206 of this title [9 U.S.C. § 206] to compel arbitration,
    (D) confirming or denying confirmation of an award or partial award, or
    (E) modifying, correcting, or vacating an award;
  (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
  (3) a final decision with respect to an arbitration that is subject to this title.
(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--
  (1) granting a stay of any action under section 3 of this title [9 U.S.C. § 3];
  (2) directing arbitration to proceed under section 4 of this title [9 U.S.C. § 4];
  (3) compelling arbitration under section 206 of this title [9 U.S.C. § 206]; or
  (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16.

see also Lloyd v. Hovensa, 369 F.3d 263, 268 (3d Cir. 2004)(holding that an appellate court has discretionary jurisdiction to address the merits of an arbitration appeal); see 9 U.S.C. §§ 9, 10, 11, 16; V.I. CODE ANN. tit. 4, §§ 33-40 (2002); Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a.[7]

B. **Scope of Review**

A party to a valid and enforceable arbitration agreement is entitled to an order compelling arbitration and a stay of court proceedings pending arbitration. 9 U.S.C. §§ 3-4; see also Lloyd v. Hovensa, 369 F.3d at 265-275; Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003). However, under the FAA, "a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute." Bel-Ray Co. Inc. v. Chemrite (PTY) Ltd., 181 F.3d 435, 444 (3d Cir. 1999) ("[a]rbitration is strictly a matter of contract. If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so. . ."); E.I. Dupont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 194 (3d Cir. 2001) (same).

---

[7] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), reprinted in V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. CODE ANN. tit. 1).

Hence, prior to imposing a stay and directing the parties to proceed to arbitration, courts must ascertain whether the parties have entered into a valid agreement to arbitrate. *Id.* (citing *Great Western Mortgage Corp. v. Peacock*, 110 F.3d 222 (3d Cir. 1997)). Our review, therefore, is limited to those issues pertinent to determining whether the parties have entered into a valid arbitration agreement that appropriately covered the parties and subject matter of Simmons' underlying personal injury action.[8]

C. **Standard of Review**

The FAA establishes a strong federal policy in favor of compelling arbitration over litigation. *E.I. Dupont de Nemours & Co.*, 269 F.3d at 194. The liberal policy "favoring arbitration agreements . . . is at bottom a policy guaranteeing the enforcement of private contractual arrangements." *Id.* The FAA further provides that if a party petitions to enforce an arbitration agreement,

> the court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with

---

[8] This appeal specifically arises out of the arbitration provision in the employment contract between Wyatt and Simmons.

the terms of the agreement.

9 U.S.C. § 4; *E.I. Dupont de Nemours & Co.*, 269 F.3d at 194.

Where this appeal presents legal questions concerning the applicability and scope of an arbitration agreement, our standard of review is plenary. *See Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1113 (3d Cir. 1993); *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 133 F.3d 225, 227 (3d Cir. 1998). We review *de novo* questions of law, jurisdiction and statutory interpretation; however, we afford the more deferential clear error review to factual determinations. *See Gov't of the V.I. v. Petersen*, 131 F. Supp. 2d 707, 709 (D.V.I. App. Div. 2001); *Gov't of the V.I. v. Albert*, 89 F. Supp. 2d 658, 663 (D.V.I. App. Div. 2001).

### III. DISCUSSION

#### A. Whether the trial court erred in dismissing rather than staying the action pending arbitration

On cross-appeal, Hovensa argues that the Superior Court erred by dismissing the action when it was statutorily required to stay this litigation pending the outcome of arbitration.

The Federal Arbitration Act, 9 United States Code, section 3, provides in pertinent part:

> If any suit or proceeding be brought in any of
> the courts of the United States upon any issue

> referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

*Id.*

The Superior Court relied on *Lloyd v. Hovensa* ("*Lloyd I*") when it entered dismissal.[9] *Lloyd v. Hovensa LLC*, 243 F. Supp. 2d 346, 352 (D.V.I. 2003). In *Lloyd I*, the trial division of the District Court of the Virgin Islands held that when all the claims involved in a case are arbitrable, dismissal is appropriate. *Id.* at 352.

However, during the pendency of this appeal, the U.S. Court of Appeals for the Third Circuit ("Third Circuit") reversed and remanded the District Court's dismissal in *Lloyd I*. *See Lloyd*, 369 F.3d at 275 ("*Lloyd II*"). In *Lloyd II*, the Third Circuit held that section 3 of the FAA affords a trial court no discretion to dismiss a case where one of the parties applies for a stay pending

---

[9] *Lloyd I* involved a Wyatt employee who sued Hovensa and Wyatt for violation of federal and territorial civil rights statutes and for intentional infliction of emotional distress. In that case, Hovensa also challenged the trial court's decision to dismiss rather than to stay the action. *Lloyd*, 243 F. Supp. 2d at 352.

arbitration. 369 F.3d at 269.

In *Lloyd II*, the Third Circuit explained that Congress' directive that the court "shall" stay the action is mandatory, not permissive. *Id.* Hence, when a suit is brought on an arbitrable claim, the court is required, upon application, to stay the litigation until arbitration is concluded. *Id.* Hovensa requested such a stay. The trial court was then required to stay the proceedings. It erred, therefore, when it dismissed the action instead of staying the matter pending arbitration.

### B. Whether the employment agreement was unconscionable

Simmons challenges several provisions of the employment contract as unconscionable.[10] The Third Circuit has addressed Simmons' substantive and procedural unconscionability arguments in a myriad of cases concerning identical arbitration provisions in agreements between Hovensa, its sub-contractors and its

---

[10] In questions concerning the conscionability of an arbitration agreement, our standard of review is plenary. *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 176 (3d Cir. 1999). However, "to the extent that the district court predicated its decision on findings of fact, our standard of review is whether those findings were clearly erroneous." *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 53-54 (3d Cir. 2001) (citing *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1509 (3d Cir. 1994)). The burden of proving a generally applicable contract defense lies with the party challenging the contract provision. *Harris*, 183 F.3d at 181. ("The party challenging a contract provision as unconscionable generally bears the burden of proving unconscionability").

employees.[11]

---

[11] Courts have generally recognized that the doctrine of unconscionability involves both "procedural" and "substantive" elements. *Alexander*, 341 F.3d at 263. Procedural unconscionability pertains to the process by which an agreement is reached and the form of an agreement, including the use therein of fine print and convoluted or unclear language. *Id.* This element is generally satisfied if the agreement constitutes a contract of adhesion. *Id.* (citing *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178 (3d Cir. 1999)). A contract of adhesion is one which is prepared by the party with excessive bargaining power who presents it to the other party for signature on a take-it-or-leave-it basis. *Id.* (citing *Trailer Marine Transp. Corp. v. Charley's Trucking, Inc.*, 20 V.I. 282, 284 (1984)). A contract, however, is not unconscionable merely because the parties to it are unequal in bargaining position. *Id.* (citing Restatement (Second) of Contracts § 208 cmt. d). An adhesion contract is not necessarily unenforceable. *Id.* (citing *Seus v. John Nuveen & Co.*, 146 F.3d 175, 184 (3d Cir. 1998)). The party challenging the contract therefore must also establish substantive unconscionability. *Id.* This element refers to terms that unreasonably favor one party to which the disfavored party does not truly assent. *Id.* (citing *Harris*, 183 F.3d at 181). According to the commentary accompanying section 208:

> [G]ross inequality of bargaining power, together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved elements of deception or compulsion, or may show that the weaker party had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms.

Restatement (Second) of Contracts § 208 cmt. d. In the end, unconscionability requires a two-fold determination: "that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Id.* Moreover, the burden of proving such unconscionability lies with the party challenging the contract provision. *See Harris*, 183 F.3d at 181 (interpreting Pennsylvania contract law); *see also* E. Allen Farnsworth, Farnsworth on Contracts § 4.28 & n.14 (3d ed. 1999) ("[t]he party asserting the defense of unconscionability must prove it...");

Without exception, contemporary Third Circuit jurisprudence has held that each and every one of the provisions that Simmons challenges in this appeal passes conscionability muster. *See Edwards v. Hovensa, LLC*, 497 F.3d 355, 362 (3d Cir. 2007)(holding similar third party beneficiary provision not unconscionable); *Lloyd*, 369 F.3d at 275 (holding similar provision not unconscionable); *Lloyd*, 243 F. Supp. 2d at 350 (holding similar unwaivable fee splitting provision not unconscionable); *see also Koert v. GE Group Life Assur. Co.*, 231 Fed. Appx. 117, 120 (3d Cir. 2007)(parties may contract for a shorter limitations period so long as that period is reasonable).[12] We incorporate the Third Circuit's precedential reasoning regarding the similar challenges in this appeal. Consequentially, Simmons has not met his burden to sustain an unconscionability challenge to the employment contract.

---

*Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269, 277 (3d Cir. 2004).

[12] The six-month limitation provision that Simmons and Wyatt agreed to is not unconscionable. *See, e.g., Order of United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608 (1947)(contractual provision may limit time for bringing action as long as "the shorter period itself shall be a reasonable period"); *Hosp. Support Servs., Ltd. v. Kemper Group, Inc.*, 889 F.2d 1311 (3d Cir. 1989); *Cf. Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1176 (9th Cir. 2003)(one year limitation provision held substantively unconscionable when considered in context of other factors); *compare with Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1042-47 (9th Cir. 2001)(upholding six-month limitation provision but striking down ten day contractual notice-of-suit requirement as unconscionable).

### C. Whether Hovensa is an intended third party beneficiary

Simmons argues that Hovensa is not an intended third party beneficiary to the arbitration agreement because it did not receive a direct benefit from the performance of the employment contract and is not a signatory to the contract. Courts apply third party beneficiary law provisions where there is an expression of the requisite intent between the third party and the plaintiff to arbitrate their claims.[13] See *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 133 F.3d at 229. The employment contract at issue in this case expressly states that:

> This agreement extends to disputes with or claims against Wyatt V.I., Inc., **HOVENSA, LLC.** and any of their shareholders, related affiliated companies, entities, or individuals (as intended third party beneficiaries).

(App. 32.)(emphasis added).

Unambiguous language in the contract is to be given its plain and ordinary meaning. *Niagara Fire Ins. v. Pepicelli, et al.*, 821 F.2d 216, 220 (3d Cir. 1987). Here, the agreement unambiguously identifies Hovensa as an explicit intended third-party

---

[13] "A variety of non-signatories to arbitration agreements have been held to be bound by such agreements under common law contract and agency principles." *Barrowclough v. Kidder, Peabody & Co., Inc.*, 752 F.2d 923, 938 (3d Cir. 1985) (citations omitted), overruled on other grounds by *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1112 (3d Cir. 1993).

beneficiary. Simmons' challenge is therefore without merit.

### D. Whether tort claims are outside the substantive scope of the employment agreement

Simmons claims that his personal injury action is outside the scope of the employment contract. The agreement provides that "[t]he claims covered by this agreement to arbitrate include, but are not limited to . . . tort claims . . . ." (App. 32.) (emphasis added.) In *Edwards v. Hovensa*, the Third Circuit held that tort claims, including personal injury actions, may appropriately be covered by arbitration agreements. 497 F.3d at 363. *Edwards* further held that a trial court's ruling to the contrary "reflects the judicial hostility to arbitration that the Supreme Court of the United States has sought to alter." *Id.* Accordingly, we reject Simmons' argument that his claim is beyond the scope of the employment agreement.

### E. Whether the trial court erred when it did not hold an evidentiary hearing

Before directing parties to proceed to arbitration, the trial court must ascertain whether they entered a valid agreement to arbitrate and whether the dispute between those parties fell within the language of the arbitration agreement. *See John Hancock Mut. Life Ins. Co.*, 151 F.3d at 137; *Alexander*, 341 F.3d 256; *Edwards*,

497 F.3d at 362.

Simmons interprets this principle to mean that he was entitled to pre-arbitration discovery and an evidentiary hearing.[14] Neither the text of the FAA nor arbitration jurisprudence draws a bright-line rule that mandates pre-arbitration discovery or requires an evidentiary hearing to determine arbitrability. It is, however, well-established that in determining whether a matter should be arbitrated, "there is a strong presumption in favor of arbitration. . . ." *Great W. Mortgage*, 110 F.3d at 228.

It is equally fundamental that the primary goals of arbitration are speed, efficiency and reduction of litigation expense. *Burton v. Bush*, 614 F.2d 389, 391 (4th Cir. 1980). Potential litigants opt for arbitration, as opposed to litigation, because arbitration is a faster and less formal method of dispute resolution. *Forsythe Internat'l., S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1022 (5th Cir. 1990). Thus, the trial court's review of arbitration agreements should be limited in breadth and narrow in scope, so that parties may expeditiously proceed with this favored method of dispute resolution. *See, e.g., Gay v. CreditInform*, 511 F.3d 369, 387 (3d Cir. 2007).

---

[14] We review the trial court's denial of a discovery motion for an abuse of discretion. *See, e.g., Gov't of the V.I. v. Dowling*, 814 F.2d 134, 141 (3d Cir. 1987).

*Yancy Simmons v. Hovensa, LLC*
D.C. Civ. App. No. 2003/125A
Memorandum Opinion
page 17

Where no factual challenges are raised such as fraud, duress, or mistake, an evidentiary hearing is of little value except to obstruct the path to arbitration. *See Seus v. John Nuveen & Co.*, 146 F.3d 175, 184 (3d Cir. 1998)("nothing short of a showing of fraud, duress, mistake or some other ground recognized by the law applicable to contracts generally would have excused the district court from enforcing Seus's [sic] [arbitration] agreement."). This is particularly the case where, as here, Simmons does not raise any factual challenges to contract formation that would justify a fact-driven evidentiary inquiry. "Unfettered leave to engage in protracted pre-arbitration discovery would invariably frustrate the FAA's presumptive goal of arbitration as an efficient alternative to litigation." *Pemberton*, 2009 U.S. Dist. LEXIS 35021, at *16.

We are particularly concerned that Simmons asks us to endorse both discovery requests and mandatory evidentiary inquiries prior to compelling parties to arbitration. If we were to grant Simmons' requests, then the right to discovery and evidentiary inquiries prior to arbitration could feasibly be applied to arbitration provisions in all sorts of contracts. *See, e.g., Gay*, 511 F.3d at 395. Such a requirement would result in a significant narrowing of the application of the FAA. *Id.* If a narrowing of the FAA is to occur, it is the province of Congress, not this Court, to effect it. *See id.*

F.  **Whether the employment agreement is void as contrary to Virgin Islands law and public policy principles**

1.  **Statutory law**

Simmons further argues that the employment contract as a whole offends the Virgin Islands Legislature's policy of allowing employers of contractors to be sued for their negligent conduct.[15] In support of his position, Simmons invokes the Virgin Islands Workers Compensation Act. *See* V.I. CODE ANN. tit. 24, § 284(b).

Section 284 of the V.I. Workers Compensation Act provides in pertinent part:

> [F]or purposes of this section, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to comply with the provisions of this chapter with respect to being an insured employer. The "statutory employer and borrowed servant" doctrine are not recognized in this jurisdiction, and an injured employee may sue any person responsible for this injuries other than an employer named in a certificate of insurance. . . .

24 V.I.C. § 284.

---

[15] The burden of proving a generally applicable public policy contract defense lies with the party challenging the contract provision. *See Lloyd*, 369 F.3d at 274; (citing *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999); E. Allen Farnsworth, Farnsworth on Contracts § 4.28 & n.14 (3d ed. 1999)).

Simmons seeks to avoid arbitration by interpreting 24 V.I.C. § 284 to mean that a "contractor's employer can be liable to a subcontractor's employees." (App. Br. 42.) However, there is nothing in 24 V.I.C. § 284 that prohibits arbitration of work-related injuries against entities in Hovensa's position. *See Moore v. HOVENSA, L.L.C.*, 46 V.I. 144, 148 (Terr. Ct. 2005).

Rather, the statute is clearly designed to give employees (in Simmons' position) recourse against contractors (in Hovensa's position) when the employer-subcontractor (in Wyatt's position) fails to be insured. *Id.; see also* 25 V.I.C. § 284(b). Simmons does not claim that Wyatt failed to maintain insurance. *Id.* 24 V.I.C. § 284 is, thus, inapplicable. *See, e.g., Moore*, 46 V.I. 148.

## 2. Public policy

Finally, Simmons argues that enforcement of the third party beneficiary provision in Wyatt's employment contract is discriminatory and "will have wide ranging disastrous effects on the rights of employees in the Virgin Islands." (Appellant's Br. 41.) Simmons, however, has failed to demonstrate any discrimination on the basis of race, creed, color, or national origin. Although he has, at best, shown that Wyatt differentiated between applicants based on their place of residence, this showing is insufficient to invalidate

the employment agreement based on public policy principles. *Lloyd*, 243 F. Supp. 2d at 348.

Simmons' grim public policy forecast is irrelevant to a federal policy which favors arbitration. *See E.I. Dupont de Nemours & Co.*, 269 F.3d at 194 (the FAA establishes a strong policy in favor of compelling arbitration over litigation).[16] In following the Third Circuit's decision in *Lloyd II*, we therefore conclude that the employment contract violates neither Virgin Islands law nor recognized public policy principles. 369 F.3d at 274.

## IV. CONCLUSION

For the reasons cited above, we **REVERSE** the trial court's order dismissing the matter with prejudice, and **REMAND** with instructions for the Superior Court to instruct the parties to proceed to arbitration, and to issue a stay of the proceedings pending arbitration. We further order that this matter be reinstated to the Superior Court's civil docket.

---

[16] Although we need not squarely address this issue here, it is noteworthy that the U.S. Supreme Court has held that the FAA preempts all state laws which "require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 19 (1984)(citations omitted).